**FILED**
**Feb 06, 2019**
**11:33 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **AMY WEEKLEY** | ) | **Docket No. 2018-06-1107** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File No. 97738-2016** |
| | ) | |
| **DAVIDSON TRANSIT AUTHORITY,** | ) | |
| **Employer.** | ) | **Judge Joshua Davis Baker** |
| | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court convened an expedited hearing on February 5, 2019, to consider whether Davidson Transit Authority (DTA) should be required to provide Ms. Weekley medical treatment for a right-shoulder injury she allegedly incurred while changing a bus tire. For the reasons below, the Court holds she is not entitled to the requested benefits.

## Claim History

Ms. Weekley, a DTA employee, experienced a "burning sensation" in her elbows and right shoulder on November 25, 2016, as she changed a bus tire. She testified the tire weighed between 250 and 300 pounds. DTA authorized emergency care at St. Thomas and follow-up care with Concentra.

Concentra diagnosed bilateral elbow strains—referred to by the provider as "tennis elbow"—at the first visit. The first visit notes contain no mention of shoulder pain, but the notes from the second visit stated that Ms. Weekley complained of "pain going into her RT shoulder now." Concentra provided pain medication and sent her to physical therapy. The therapy improved the condition of her elbows to a degree but did not provide complete relief. Concentra released her to return to work at full duty.

Ms. Weekley's pain continued, so she saw Dr. Matthew Willis through her private insurance in January 2017. In February, DTA provided a panel including Dr. Willis, and

she chose him as the authorized treating physician.

After several months of conservative treatment proved ineffective, Dr. Willis operated on both elbows. He assigned a six-percent whole body impairment rating for her elbow injuries.[1]

Dr. Willis did not operate on Ms. Weekley's shoulder but did provide an injection to ease her pain; he also ordered an MRI in November 2017.[2] The MRI revealed a "complex" superior labrum tear. According to a letter from DTA's counsel signed by Dr. Willis, Ms. Weekley's shoulder injury resulted from degenerative conditions and arthritis as opposed to the workplace accident.[3] He advised Ms. Weekley to seek treatment for her shoulder outside of workers' compensation.

Ms. Weekley sought treatment for her shoulder from Dr. John Tullos, who determined that "[m]ore likely than not, her right shoulder pain is a direct result of her workplace injury in 2016[.]" In forming his opinion, he emphasized Ms. Weekley's lack of "significant" shoulder pain before the accident, her memory of the accident, and her reporting of shoulder pain right after the accident. Dr. Tullos recommended physical therapy.

Ms. Weekley testified that she experienced no right shoulder pain until after the 2016 injury. The records reflect that she reported shoulder pain to all of her providers. Ms. Weekley also claimed she reported the condition at each doctor's visit. To explain why the providers did not document every complaint, Ms. Weekley testified the medical providers failed to keep accurate records. She also claimed Dr. Willis did not relate her shoulder condition to the work injury because he failed to properly treat it.

## Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Ms. Weekley must provide sufficient evidence to show that she would likely prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). She failed to do so.

This expedited hearing centers on medical causation of Ms. Weekley's right-shoulder condition. To establish medical causation, she must prove "to a reasonable

---

[1] DTA and Ms. Weekley settled the November 25, 2016 claim for her bilateral elbow injuries with lifetime future medical benefits. The settlement explicitly excluded her right shoulder but reserved her right to pursue a claim for benefits for that condition.

[2] The medical notes show that Ms. Weekley continued to complain of shoulder pain throughout the course of physical therapy.

[3] Dr. Willis reaffirmed this opinion in a subsequent letter.

degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the injury, aggravation or need for medical treatment, considering all causes." A "reasonable degree of medical certainty" means that "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." *Id.* at § 50-6-102(14)(C)-(D). Thus, causation must be established by expert medical testimony.

The authorized treating physician, Dr. Willis, determined Ms. Weekley's shoulder condition occurred as a result of non-work-related arthritis and degenerative conditions. His causation opinion carries a presumption of correctness, and the presumption can only be overcome by contrary expert medical proof. *See id.* at § 50-6-102(14)(E).

Ms. Weekley countered with Dr. Tullos's opinion that the accident caused her shoulder condition. However, his opinion does not outweigh Dr. Willis's, as both physicians relied on identical evidence to reach contrary conclusions. Dr. Tullos relied on Ms. Weekley's relation of the events, the MRI results, and her pre-injury history that was absent of shoulder pain. However, the evidence showed that Dr. Willis relied on the same evidence when forming his opinion. In addition, Dr. Willis had the opportunity to treat Ms. Weekley over a longer period of time. In the end, both doctors looked at the same evidence and reached opposite conclusions. Without further evidence of why they reached opposite conclusions, the Court holds Dr. Tullos's opinion is insufficient to overcome the presumption of correctness afforded Dr. Willis's opinion.

Additionally, while the Court finds Ms. Weekley testified credibly, her lay testimony even when coupled with Dr. Tullos's opinion does not overcome the presumption of correctness attached to Dr. Willis's opinion. The Court believes Ms. Weekley had no problems with her shoulder before the accident and that she experienced pain afterward. But pain following an accident does not mean the accident primarily caused the underlying injury. The Court, therefore, holds Ms. Weekley would not likely prevail at a hearing on the merits in proving medical causation of her shoulder injury and denies her claim for medical treatment for that condition.

It is **ORDERED** as follows:

1.  Ms. Weekley's requested relief is denied at this time.

2.  This matter is set for a status conference on **Monday, May 13, 2019, at 10:00 a.m. (CDT). You must call 615-741-2113 to participate in the Hearing. Failure to call may result in a determination of issues without your participation.**

**ENTERED FEBRUARY 6, 2019.**

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

4

APPENDIX

Exhibits:

1. Medical Records
2. Affidavit of Amy Weekley
3. Choice of Physician Form
4. MRI Report
5. Settlement Agreement Dated August 2, 2018
6. Letter Dated October 25, 2018
7. Letter Dated January 11, 2019

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Ms. Weekley's Prehearing Brief
5. DTA's Prehearing Brief

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on February 6, 2019.

| Name | Certified Mail | Via Email | Service sent to: |
|---|---|---|---|
| Amy Weekley, Self-represented Employee | | X | amyweekley@yahoo.com |
| David Drobny, Employer's Attorney | | X | ddrobny@manierherod.com |

_____
**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals
Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name:_____ SF#:_____ DOI:_____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address:_____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]   _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                            RDA 11082